UNITED STATES of America,
Plaintiff–Appellee,

v.

Mary MURPHY, Defendant–Appellant.

No. 90–2527.

United States Court of Appeals,
Seventh Circuit.

Argued April 4, 1991.

Decided June 19, 1991.

**900**

Thomas M. Daly, Asst. U.S. Atty., Office of the U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Casper A. Nighohossian, Pratt & Callis, Granite City, Ill., for defendant-appellant.

## MODIFIED OPINION

Before EASTERBROOK and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

■ Mary Murphy ("Murphy") appeals her criminal conviction under 18 U.S.C. § 1001 for making fraudulent statements in obtaining benefits under the Aid to Families with Dependent Children (AFDC) program administered by the Illinois Department of Public Aid.[1] She was sentenced to confinement in a halfway house for 30 days, to pay $480 in restitution, and to serve two years' probation. Murphy argues that the District Court was wrong to admit as evidence copies of AFDC checks that Murphy previously had received. We find no error in the use of this evidence and affirm.

### Discussion

The basis for Murphy's conviction was a "Redetermination Report Form" that Murphy filled out on April 19, 1985 to maintain her eligibility for AFDC benefits. On that form, Murphy failed to report as income

---

**1.** 18 U.S.C. § 1001 provides:

Whoever, in any matter within the jurisdiction of any department or agency of the United States, knowingly and willfully ... conceals ... a material fact, or makes any false ... statements ... shall be fined not more than $10,000 or imprisoned not more than five years or both.

As this provision states, Murphy's offense must have been "within the jurisdiction of any department or agency of the United States." Murphy made the statements at issue to the Illinois Department of Public Aid. Although she does not contest the point, we note that her statements are nonetheless "within the jurisdiction" of the United States Department of Health and Human Services ("HHS"). Under § 1001, a "fraud need not be perpetrated directly on or to the governmental agency involved." *United States v. Hoo-*

*per*, 596 F.2d 219, 223 (7th Cir.1979). Rather, a statement must only " 'bear a relation or purpose as to some matter which is within the jurisdiction of a department or agency of the United States.' " *Id., quoting Eberling v. United States*, 248 F.2d 429 (8th Cir.), *cert. denied*, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 261 (1957); *see also United States v. Yermian*, 468 U.S. 63, 65, 104 S.Ct. 2936, 2937, 82 L.Ed.2d 53 (1984) (applying § 1001 to statements made by an employee to his employer, a private defense contractor). As we have previously held, HHS' regulatory oversight and provision of funding for Illinois' AFDC program establishes the applicability of § 1001 to that program. *United States v. Stanford*, 589 F.2d 285, 297 (7th Cir.1978), *cert. denied* 440 U.S. 983, 99 S.Ct. 1794, 60 L.Ed.2d 244 (1979).

certain disability benefits that she was receiving. At trial, the United States also introduced prior Redetermination Report Forms that Murphy had filled out, as well as her initial application for AFDC benefits. Murphy failed to report the disability benefits that she was receiving on each of these forms. (Murphy could not be prosecuted directly for her statements on these prior forms because the statute of limitations had expired). In addition, the United States introduced copies of the checks that Murphy received on the basis of these forms. On appeal, Murphy argues that the use of the check copies as evidence was reversible error.

■ We review for abuse of discretion. *See, e.g., United States v. McAnderson,* 914 F.2d 934, 945 (7th Cir.1990). Certainly, the District Court was within its discretion to admit the check copies relating to dates after April 19, 1985. These checks are direct evidence of Murphy's crime, providing the motive for her fraudulent statements.

■ Similarly, we find no abuse of discretion in the admission of checks that Murphy received prior to April 19, 1985. At trial, Murphy tried to explain her failure to report the disability benefits as "a mistake that an average citizen, first time dealing with the government bureaucracy, can make." Opening Statement by Murphy's Counsel, Trial Transcript v. 1, p. 3. But the check copies, together with Murphy's prior Redetermination Report Forms and application for benefits, showed that Murphy had for some years been receiving benefits on the basis of false information that she had provided. For this reason, this "evidence of other crimes, wrong, or acts" was "admissible for … purposes … of … intent … or absence of mistake or accident" under Fed.R.Evid. 404(b).

Specifically, the Supreme Court has identified four protections under the Rules of Evidence that prevent unfair prejudice in connection with evidence under Rule 404(b).

The evidence must: (1) be admissible for an appropriate purpose under Rule 404(b) itself; (2) relevant under Rule 402; (3) have probative value that is not substantially outweighed by its potential for prejudice under Rule 403; and (4) be the subject of a jury instruction, if requested under Rule 105, that the evidence must be considered only for the purpose for which it was admitted. *See Huddleston v. United States,* 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988); *see also United States v. Elizondo,* 920 F.2d 1308, 1320 & n. 20 (7th Cir.1990) (applying the factors of purpose, relevance, and probative-value-versus-prejudice in a Rule 404(b) analysis); *United States v. Shackleford,* 738 F.2d 776, 779 (7th Cir.1984) (same).

■ In the present case, the District Court could find that admission of the pre-April 19, 1985 checks as evidence complied with each of these four protections. Again, the checks satisfied Rule 404(b)'s requirement that they be admitted for a proper purpose, to show Murphy's fraudulent intent. The checks were relevant under Rule 402 to show this purpose because they were part of a pattern of activity over several years to defraud the AFDC program by withholding the same, specific information. So too, the District Court could find under Rule 403 that the probative value of the checks was not substantially outweighed by their potential for prejudice. Indeed, it is hard to see any prejudice from these checks, given that the jury was already aware from the Redetermination Report Forms that Murphy had received AFDC benefits during the period in question. Finally, the District Court gave an appropriate limiting instruction under Rule 105, which Murphy does not dispute. In short, the District Court could conclude that admission of the checks was proper under Rule 404(b) and met the other requirements of the Rules of Evidence. Murphy has no basis for reversal of her conviction.[2]

2. Murphy also challenges the sufficiency of her indictment. The indictment charged that Murphy had made fraudulent statements "[b]etween April 19, 1985 and May 20, 1985." As Murphy points out, the Redetermination Report Form at issue is dated "on" May 20, 1985, not "between" that date and another. But Murphy suffered no prejudice from the improper preposition. She

## Conclusion

For the reasons stated, Murphy's conviction is AFFIRMED.

received a copy of the Redetermination Report Form at issue well before trial so no confusion could have arisen about the charges against her. An indictment must "fairly inform[ ] the Defendant of the charges against him so that he may prepare a defense." *United States v. McCarty,* 862 F.2d 143, 145 (7th Cir.1988). The indictment in this case fulfilled this role and we find no error.